IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **OREGON TEAMSTER EMPLOYERS TRUST**, <br><br> Plaintiff, <br><br> v. <br><br> **HILLSBORO GARBAGE DISPOSAL, INC.; ROBERT HENDERSON;** and **THE ESTATE OF DARROL JACKSON,** <br><br> Defendants. | Case No. 3:11-cv-01487-ST <br><br> **OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

Linda J. Larkin and Michael J. Morris, Bennett, Hartman, Morris & Kaplan, LLP, 210 SW Morrison Street, Suite 500, Portland, OR 97204. Attorneys for Plaintiff.

Edwin A. Harnden, Iris K. Tilley, and Laura Salerno Owens, Barran Liebman LLP, 601 SW Second Avenue, Suite 2300, Portland, OR 97204. Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff Oregon Teamster Employers Trust ("OTET") is an employee benefit plan under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). In 2003, Hillsboro Garbage and Teamsters Local Union No. 305 entered into a

PAGE 1 – OPINION AND ORDER

collective bargaining agreement that made Defendant Hillsboro Garbage Disposal, Inc. ("Hillsboro Garbage") a subscriber to the Trust Agreement governing OTET and a selected health and welfare plan (the "Plan"). As such, Hillsboro Garbage makes available to qualified employees and their dependents health and welfare benefits administered by Regence Blue Cross, which pays health care providers for covered claims and then invoices OTET for reimbursement. In addition, under the Trust Agreement that governs OTET, the Trustees of OTET may, as a courtesy to OTET subscribers, enter into special agreements with participating employers. Under these agreements, employers may make contributions for their non-bargaining unit ("NBU") employees, resulting in OTET benefits becoming available to those NBU employees. Hillsboro Garbage entered into NBU agreements with OTET that specify that NBU employees of Hillsboro Garbage also may be covered under the Plan, provided that those individuals have *bona fide* employment relationships with Hillsboro Garbage.

In this lawsuit, OTET contends that Hillsboro Garbage submitted inaccurate, false, and fraudulent reporting forms for payment of Plan contributions on behalf of Robert Henderson ("Henderson") and Darrol Jackson ("Jackson"), who is now deceased. OTET alleges that neither Henderson nor Jackson were *bona fide* employees of Hillsboro Garbage.[1] Accordingly, OTET brought this action against Hillsboro Garbage, Henderson, and Jackson's Estate ("Defendants") to recover benefits paid by OTET of behalf of Henderson or Jackson or their dependents in excess of contributions received on their behalf.

---

[1] Hillsboro Garbage is owned by Ron Maier ("Maier"). Maier and Henderson jointly own RonJons Unlimited, Inc. ("RonJons"), a portable toilet company. Hillsboro Garbage and RonJons operate out of the same physical location in Hillsboro and share a payroll officer. Before 2003, Hillsboro Garbage and RonJons had health insurance under a "blanket policy" that covered both companies.

PAGE 2 – OPINION AND ORDER

Plaintiff moved for partial summary judgment. Dkt. 51. United States Magistrate Judge Janice M. Stewart issued findings and recommendations, recommending that Plaintiff's motion be denied. Dkt. 65. Judge Stewart further recommended that judgment be entered against Plaintiff on all claims and that this action be dismissed with prejudice. *Id*. Plaintiff filed timely objections to the entirety of Judge Stewart's findings and recommendation (Dkt. 67), to which Defendants responded (Dkt. 68). Because Judge Stewart recommended that the Court grant summary judgment in favor of a nonmovant (the Defendants), the Court gave notice to Plaintiff and provided a reasonable time to respond pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Dkt. 70. The Court then held oral argument and allowed the parties to submit further briefing. For the reasons stated below, the Court **ADOPTS** Judge Stewart's findings and recommendation, Dkt. 65.

## STANDARDS

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[]

PAGE 3 – OPINION AND ORDER

*sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

## DISCUSSION

Having considered the parties' arguments and additional briefing and having reviewed Judge Stewart's findings and recommendations *de novo*, the Court agrees with Judge Stewart's analysis. In particular, the Court notes that Plaintiff's breach of contract claims would require the Court to determine the eligibility for coverage of Messrs. Henderson and Jackson under Hillsboro Garbage's ERISA Plan, which depends in part on whether their employer, RonJons, had a collective bargaining agreement with a labor organization specified in the Plan's Trust Agreement. *See, e.g.*, Sutton Decl., Ex. 1 at art. V(1) (Trust Agreement); *id.*, Ex. 4 at art. 7(A) (Collective Bargaining Agreement); *id.*, Ex. 7 at art. 3 (Subscription Agreement); *id.*, Ex. 8 at arts. 2-3 (Non-Bargaining Unit Employees Agreement). Indeed, Plaintiff has alleged that Defendant Hillsboro Garbage breached not a contract extrinsic to the Plan, but "the provisions of the Plan" itself. Second Am. Compl. ¶ 15; *see also id.* at ¶ 18 (alleging Defendant Hillsboro Garbage "breached the terms of the Plan"). A state law claim is preempted under ERISA if "the claim is premised on the existence of an ERISA plan, and [if] the existence of the plan is essential to the claim's survival" or if the claim has a "genuine impact … on a relationship governed by ERISA" such as that between the plan and the employer. *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004) (*en banc*). Thus, under either test, Plaintiff's contract claims are preempted.

The Court also agrees with Judge Stewart's analysis of *Northwest Administrators, Inc. v. Cutter*, No. C07-0988-JCC, 2008 WL 217731 (W.D. Wash. Jan. 24, 2008), and with her

PAGE 4 – OPINION AND ORDER

explanation of the scope of equitable remedies available under ERISA Section 502(a)(3) (codified at 29 U.S.C. § 1132(a)(3)). Plaintiff alleges that it was misled into paying *medical care providers* on behalf of Messrs. Henderson and Jackson. In demanding repayment of those funds by *Defendants*, Plaintiff seeks not to recover an identifiable *res* wrongfully transferred from Plaintiff to Defendants but to "impos[e] personal liability for the benefits [Plaintiff] conferred upon [Defendants]." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002); *see also id.* at 210. The first type of remedy is equitable, but the latter is legal even if couched in equitable terms. Thus, Plaintiff's claim for restitution does not fall under the equitable remedies exception permitted under § 502(a)(3). Similarly, Plaintiff's claim for "specific performance of the Plan" is a claim for legal relief dressed up in the language of equity. *See McDowell*, 385 F.3d at 1174.

At oral argument and in supplemental briefing, Plaintiff argued that Section 302 of the Labor Management Relations Act ("LMRA") prohibits Hillsboro Garbage, as an employer, to pay anything of value to a trust fund established by a labor representative (such as Plaintiff) unless "for the sole and exclusive benefit of the employees of such employer, and their families and dependents." 29 U.S.C. § 186(a)(1), (c)(5). Plaintiff contends that without a remedy in this ERISA context, it will be left in violation of Section 302 of the LMRA. Section 302 targets unfair labor practices like "bribery by employers during collective bargaining, extortion by employee representatives, and abuse of power by union officials who have sole control over welfare funds." *Toyota Landscaping Co., Inc. v. S. Cal. Dist. Council of Laborers*, 11 F.3d 114, 117-18 (9th Cir. 1993); *see also Maxwell v. Lucky Constr. Co., Inc.*, 710 F.2d 1395, 1398 (9th Cir. 1983) ("The congressional objective in enacting § 302 was to inhibit corrupt practices in the administration of employee welfare funds established through the collective bargaining

process."); *Turner v. Local Union No. 302*, 604 F.2d 1219, 1227 (9th Cir. 1979) ("The dominant purpose of § 302 is to prevent employers from tampering with the loyalty of union officials and to prevent union officials from extorting tribute from employers."). It is far from clear that Section 302 applies at all to the type of scenario present here or that Plaintiff might be liable under the LMRA if it were unable to recover the funds it allegedly extended on behalf of non-employees. Further, even if Plaintiff could be liable under Section 302 of the LMRA, it does not follow that ERISA must necessarily provide a remedy. Congress adopted ERISA long after the LMRA, and it included in ERISA both a broadly phrased preemption clause and a narrowly phrased provision for equitable remedies. *See generally McDowell*, 385 F.3d at 1172, 1174. That Plaintiff falls inside the former clause but outside the latter provision reflects choices made by Congress, as interpreted by the Supreme Court, that this Court is bound to follow and implement.

Plaintiff also argues that it would be error to dismiss its complaint without leave to amend to add a claim for common law fraud. Plaintiff, however, previously included a claim for fraudulent misrepresentation in its Amended Complaint and later chose to omit that claim from its Second Amended Complaint. *See* Am. Compl., Dkt. 8, at ¶¶ 17-18. Justice does not require that the Court provide Plaintiff with an opportunity to re-plead a claim that Plaintiff has previously elected to abandon. *See generally* Fed. R. Civ. P. 15(a)(2).

Accordingly, the Court **ADOPTS** Judge Stewart's findings and recommendation, Dkt. 65. Plaintiff's Motion for Partial Summary Judgment, Dkt. 51, is DENIED. Pursuant to Federal Rule of Civil Procedure 56(f), the Court grants summary judgment in favor of Defendants on all claims. This case is dismissed with prejudice.

//
//
//

**IT IS SO ORDERED**.

DATED this 4th day of June, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge